UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FORREST CHRISTOPHER TAYLOR,

Plaintiff,

v.

R. CERVANTES, et al.,

Defendants.

Case No. 23-cv-01393-JD

**ORDER OF SERVICE**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend, and plaintiff filed a second amended complaint.

**DISCUSSION**

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In this review, the Court will identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was subject to retaliation by correctional officers who also failed to protect him from violence by other prisoners.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).  The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest.  *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular,

prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

Plaintiff states that in response to his administrative appeals, defendant K. Availa incorrectly stated in a report and told other inmates that plaintiff was a sex offender.  Later, defendants L. Hernandez, A. Marroquin, N. Reveles and L. Aldama opened plaintiff's cell door and called him to the floor booth.  When plaintiff was walking back to his cell, Aldama stated, "now" and plaintiff was attacked by other inmates while the defendants did not intervene.  Aldama then pepper sprayed plaintiff in the face.  One of the attackers stated, "this is what we do to sex offenders."

Several days later, defendants R. Melendez, R. Cervantez and P. Barrera-Negrele opened plaintiff's cell and told him to go get a meal, when it was not his normal time to eat.  Plaintiff left his cell and walked to get food when he was attacked.  Plaintiff suffered injuries from these assaults.

These allegations are sufficient to proceed against all defendants for retaliation and failure to protect.  Plaintiff also presents a claim of excessive force against Aldama for the pepper spraying.

## CONCLUSION

1. The Court orders that the follow defendants be served electronically at Salinas Valley State Prison: K. Availa, L. Hernandez, A. Marroquin, N. Reveles, L. Aldama, R. Melendez, R. Cervantez and P. Barrera-Negrele.  All other defendants are dismissed from this action.

3

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached.  CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk will provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. To expedite the resolution of this case, the Court orders:

a. No later than sixty days from the date of service, defendant will file a motion for summary judgment or other dispositive motion.  The motion will be supported by adequate factual documentation and will conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he will so inform the Court prior to the date his summary judgment motion is due.  All papers filed with the Court will be promptly served on the plaintiff.

1        b.      At the time the dispositive motion is served, defendant will also serve, on a
2 separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-
3 954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
4 *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be
5 given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,
6 not earlier); *Rand* at 960 (separate paper requirement).
7        c.      Plaintiff's opposition to the dispositive motion, if any, will be filed with the
8 Court and served upon defendant no later than thirty days from the date the motion was served
9 upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
10 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
11 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).
12        If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust
13 his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
14 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
15 to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
16        d.      If defendant wishes to file a reply brief, they will do so no later than fifteen
17 days after the opposition is served upon him.
18        e.      The motion will be deemed submitted as of the date the reply brief is due.
19 No hearing will be held on the motion unless the Court so orders at a later date.
20   3.   All communications by plaintiff with the Court must be served on defendant, or
21 defendant's counsel once counsel has been designated, by mailing a true copy of the document to
22 defendant or defendant's counsel.
23   4.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
24 No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
25 parties may conduct discovery.
26   5.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
27 informed of any change of address by filing a separate paper with the clerk headed "Notice of
28 Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

5

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 25, 2023

JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.